BOLIN, Judge.
Plaintiffs, alleging themselves to he husband and wife, brought four separate pos-sessory actions against four groups of defendants seeking to have recognized and maintained their right of possession to approximately 30.7 acres of land in Caddo Parish, Louisiana. The suits were consolidated for trial but only one judgment was rendered in favor of plaintiffs and against all defendants recognizing and maintaining plaintiffs in their possession and ordering defendants to assert any adverse claim of ownership to the property in a petitory action to be filed within 60 days after the date judgment became executory. From this judgment defendants in three of the consolidated cases have appealed. These appeals are likewise consolidated.
Louisiana Code of Civil Procedure Article 3658 provides:
“To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.”
During trial plaintiffs proved without contradiction they had been in continuous possession of practically all the property for approximately thirty years. It is also not contested in this court that plaintiffs offered sufficient proof to meet the other requirements of Louisiana Code of Civil Procedure Article 3658.
The only contentions raised by appellants in this court are: (1) plaintiffs’ occupancy and possession began under a lease and not as owners; (2) alternatively, if the court finds the necessary possession as owners was shown, plaintiffs have failed to prove the amount of property so possessed.
Appellant bases his legal argument on Louisiana Civil Code Articles 3436, 3441, 3489, 3490, 3510, 3511 and 3512.
Under the cited codal articles, as well as the jurisprudence, occupancy under a lease is not possession as owner so as to support a possessory action and the burden is on the plaintiffs to show they possessed as owners. Fremont Lumber Company v. Hand (La.App. 2 Cir., 1962) 143 So.2d 96; Meridian Land and Mineral Corporation v. Bagents, 211 La. 627, 30 So.2d 563 (1947).
The question of whether plaintiffs possessed as owners or in some other capacity is primarily a factual question. Over plaintiffs’ objection appellants offered the testimony by deposition of Mr. Charles Mack Flanagan, and two affidavits attached to the deposition of Flanagan.
We find the record does not support the contention plaintiffs’ occupancy began under a lease. It is doubtful if the testimony of Flanagan is relevant, but, conceding it to be, we find it vague, indefinite and unimpressive. We also entertain serious doubts as to the propriety of considering as evidence the affidavits offered by appellants. However, again conceding their relevancy and legality, the statements made there are not binding on these plaintiffs as the affidavits were not executed by either of the plaintiffs nor do they relate to any portion of the property here claimed. We are in full accord with the following conclusion reached by the trial judge:
* * * * * *
“We think that the evidence clearly shows that these plaintiffs had been on *373 this property and that they have fulfilled every requirement of possessory action * * *>»
=#! * * * * *
Appellants’ second contention is that plaintiffs have failed to prove the amount of property possessed in that the evidence failed to show the existence of an .alleged fence enclosing the property claimed by plaintiffs. On this point there was evidence of the existence at one time of some type of fence surrounding the entire property. It is true the original fence was in a state of dilapidation, but the testimony of the surveyor and the pictures offered in evidence by defendants convinced the trial judge plaintiffs had established the boundaries of their possession and we find no error in this conclusion.
Because the defendant L. G. Braden has not perfected an appeal the judgment of the lower court, as it affects him, is not before us. Accordingly the judgment appealed from is affirmed and recast at appellants’ cost, and
It is ordered that plaintiffs, Beulah Lee and David Lee, have the right to the possession of and are hereby maintained in possession of:
That part of Lot 6, Block E, Mooring Partition, lying North of the gravel road in Section 10, Township 19 North, Range 16 West, Caddo Parish, Louisiana, per a plat filed in Conveyance Book SO, page 123 of the Records of Caddo Parish, Louisiana,
and that the defendants, R. M. Sanders and Ida B. Sanders are ordered to assert any adverse claim of ownership to the above described land in a petitory action to be filed within sixty (60) days after the date this judgment becomes executory or such defendants shall be precluded thereafter from asserting ownership to the above described property.
Affirmed and recast